IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE PACE,<br><br>      Plaintiff,<br><br>v.<br><br>COLQUITT REGIONAL MEDICAL CENTER, PROVIDER CATE & NURSE KRISTEN<br><br>      Defendants. | CASE NO: 7:23-CV-99 (WLS) |

## ORDER

Before the Court is Plaintiff Willie Pace's ("Plaintiff") second *pro se* Motion for Leave to Proceed *in forma pauperis* (Doc. 8) and Plaintiff's Motion for Summary Judgment (Doc. 6).

### I. PROCEDURAL BACKGROUND

Plaintiff filed the above-captioned action on September 7, 2023. (Doc. 1). On December 12, 2023, the Court Ordered (Doc. 2) Plaintiff to perfect service on Defendants in accordance with Federal Rule of Civil Procedure 4, and to either pay the filing fee or, if appropriate, to move the Court for an order permitting him to proceed *in forma pauperis* no later than Tuesday, January 2, 2024. Plaintiff submitted a Motion to Proceed *in forma pauperis* (Doc. 3) on December 26, 2023.[1]

However, the Court denied the Motion in an Order entered on January 29, 2024. The Court denied the motion because, based on the affidavit Plaintiff submitted in support of the Motion, his income exceeded his expenses. (Doc. 7). Therefore, he had failed to show that he was indigent and financially unable to pay the filing fee. As a result, the Court Ordered Plaintiff to pay the full statutory filing fee within twenty-one (21) days of the entry of the Order, and was noticed that if he failed to comply, his lawsuit may be dismissed without notice or

---

[1] The Court notes that Plaintiff, to date, has failed to perfect service on Defendants as Ordered by the Court.

proceeding. Plaintiff did not pay the full statutory filing fee, as ordered by the Court. Instead, he filed a second motion to Proceed *in forma pauperis*. (Doc. 8).

## II.   LAW AND ANALYSIS

### A.   Motion for Leave to File *in forma pauperis*

The Court has already denied Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Because the Court has already denied Plaintiff's Motion, he may not submit another motion of the same kind to the Court and have the Court evaluate it in the same way as his original motion. Therefore, the Court will treat his second Motion (Doc. 8) as a motion to reconsider his first Motion to Proceed *in forma pauperis*.

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). The court will grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Here, the Court denies Plaintiff's Motion to reconsider for two reasons. First, although Plaintiff includes new expenses and attached additional documentation of his expenses to his second Motion, Plaintiff does not explain how this evidence is either new or could not have been discovered through the exercise of due diligence. The Court has no reason to believe that the new expenses were not known to Plaintiff at the time he submitted his original Motion. And the documents Plaintiff includes appear to be routine bills and statements of the kind which also would have been available at that time. Therefore, Plaintiff's additional evidence is not new or previously unavailable evidence that would warrant reconsideration of his original Motion to proceed *in forma pauperis*.

Second, even were the Court to accept Plaintiff's additional evidence of expenses, the Court would still deny his Motion. His income of $1,621 still exceeds his monthly expenses listed at paragraph 6 and 8 of his affidavit. (*See* Doc. 8 at 2 ¶ 6, 8). Therefore, the Court finds he is not indigent and financially unable to pay the filing fee within the meaning of 28 U.S.C. § 1915(a).

Accordingly, Plaintiff's Motion to Reconsider (Doc. 8) the Court's denial of his Motion to Proceed *in forma pauperis* is **DENIED-WITH-PREJUDICE**.

### B. Motion for Summary Judgment

Plaintiff has also filed a Motion for Summary Judgment (Doc. 6). However, under Federal of Civil Procedure Rule 56(a), unless the Court sets a different time, a party may not file a motion for summary judgment earlier than thirty days after the close of all discovery. At this time, discovery has not even begun, and Plaintiff has neither perfected service on Defendants nor paid the statutory filing fee. Therefore, Plaintiff's motion for summary judgment is not timely and the Motion is **DENIED-WITHOUT-PREJUDICE**. Plaintiff may renew the Motion, if he wishes to, at the proper time.

## III. Conclusion

In sum, Plaintiff's second Motion to Proceed *in forma pauperis* is **DENIED-WITH-PREJUDICE** and Plaintiff's Motion for Summary Judgment (Doc. 6) is **DENIED-WITHOUT-PREJUDICE**. In order to proceed with his lawsuit, Plaintiff must pay the statutory filing fee within twenty-one (21) days of the entry of this Court's Order.[2] Plaintiff must also perfect service on Defendants in accordance with Federal Rule of Civil Procedure 4 as Ordered by the Court. **Plaintiff is noticed, once again, that failure to pay the statutory filing fee or perfect service may result in dismissal of the lawsuit without further notice or proceeding.**

Additionally, Federal Rule of Civil Procedure 11 prohibits the filing of frivolous motions, and violations of this Rule may result in sanctions. **Plaintiff is warned that further filings related to his Motion to Proceed *in forma pauperis* may be considered frivolous by the Court and could result in sanctions against him.**

---

[2] The Court will allow Plaintiff an additional 21 days, excluding the time his second motion to proceed *in forma pauperis* was pending.

3

**SO ORDERED**, this 9th day of February 2024.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**