IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE PACE, | : |
| Plaintiff, | : |
| v. | : CASE NO: 7:23-CV-99 (WLS) |
| COLQUITT REGIONAL MEDICAL CENTER, PROVIDER CATE & NURSE KRISTEN | : |
| Defendants. | : |

**ORDER**

Before the Court is Defendant Colquitt Regional Medical Center, Nurse Kristen and Provider Cate's ("Defendants") Motion to Dismiss for failure to perfect service (Doc. 10) ("the Motion"). Therein, Defendants, specially appearing for the purposes of the Motion, contend that the Court should dismiss the above-captioned action for failure to perfect service.

On September 7, 2023, Plaintiff filed the above-captioned action. The Court issued an Order (Doc. 2), on December 12, 2023, for Plaintiff to perfect service on Defendants and to pay the statutory filing fee or move to proceed *in forma pauperis*, no later than Tuesday, January 2, 2024. In that Order (Doc. 2), Plaintiff was noticed that failure to comply might result in dismissal of the action without further notice or proceeding.

On December 26, 2023, Plaintiff filed a motion to proceed *in forma pauperis*, which the Court denied because he failed to show that he was indigent and financially unable to pay the filing fee within the meaning of 28 U.S.C. § 1915(a). Plaintiff was ordered to pay the full statutory filing fee within twenty-one days of the entry of the Order, and was noticed again that failure to pay the fee might result in the action being dismissed without further notice or proceeding. Instead of paying the filing fee, Plaintiff filed a second motion to proceed *in forma pauperis*, which the Court construed as a motion to reconsider and denied on February 9, 2024. (Doc. 9). Plaintiff was then given an additional twenty-one days to pay the filing fee, and was,

1

once again, noticed that failure to comply with the Court's Order might result in dismissal of the action without further notice or proceeding. Pursuant to the deadline set forth in the Court's February 9, 2024, Order, Plaintiff had until Friday, March 1, 2024, to pay the statutory filing fee. To date, Plaintiff has failed to do so.

Moreover, Plaintiff failed to perfect service by the January 2, 2024, deadline. The Court, therefore, issued an Order (Doc. 5) for Plaintiff to show cause why the action should not be dismissed for failure to perfect service on Defendants, and was noticed that failure to do so might result in dismissal of the action without further notice or proceeding. Under Federal Rule of Civil Procedure 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff has failed to perfect service on Defendants, now more than six months after the action was filed.[1]

For the foregoing reasons, Defendants' Motion to Dismiss for failure to perfect service is **GRANTED**. And the Court finds that dismissal is warranted on the independent ground that Plaintiff has failed to pay the filing fee as he was ordered to do several times by the Court. Accordingly, the above-captioned action, and all claims asserted in the Complaint, are **DISMISSED-WITHOUT-PREJUDICE**.

**SO ORDERED**, this 18th day of March 2024.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**

---

[1] It appears that Plaintiff filed a certificate of service with the clerk. However, this filing did not comply with the service requirements of Rule 4.